

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

```
*****************************************************
                             *
BRANYON D. PIPPENGER         *    CIV 09-4074
                             *
            Petitioner,      *    MEMORANDUM OPINION
                             *    AND ORDER
-vs-                         *
                             *
                             *
UNITED STATES OF AMERICA,    *
                             *
            Respondent.      *
                             *
*****************************************************
```

Branyon Pippenger filed a document in the United States District Court for the District of Columbia on April 29, 2009. That court construed the motion as a petition for writ of habeas corpus and transferred the case to this district where Pippenger was incarcerated. At the time the pleading was filed, Pippenger was awaiting a retrial of his case for conspiracy to distribute, or possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base. In his pleading Pippenger states, "I have nothing to do with none of this conspiracy and don't none of these co-defendants know me and even said it at trial . . . ." Pippenger's retrial resulted in his being found guilty of the conspiracy charge against him in a jury verdict dated May 28, 2009. Pippenger is now awaiting sentencing which is scheduled August 10, 2009.

At the time Pippenger filed his pleading, the pleading amounted to a pretrial motion seeking dismissal of the indictment against him based on sufficiency of the evidence. Such a motion is not allowed because it raises factual questions embraced in the general issue to be presented to the jury. *See United States v. Terry*, 257 F.3d 366, 372 (4th Cir. 2001). A challenge to the sufficiency of the evidence cannot now be made in a habeas petition as Pippenger has not yet been sentenced and has not yet filed a direct appeal. Pippenger fails to state a claim that can now be addressed in a habeas petition. Accordingly,

**IT IS ORDERED**: 1. That Pippenger's application to proceed without payment of fees is granted; and 2. that Petitioner's application for Habeas relief is denied.

Dated this 16th day of June, 2009

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: 
(SEAL)        DEPUTY